591 P.2d 1089

Clell **WILLIAMSON**, Watermaster of Water District # 67, duly elected pursuant to Section 42–604 of the Idaho Code, Plaintiff-Respondent,

v.

William E. **BRUMMETT** and Idaho Power Company, a corporation organized under the laws of the State of Idaho, Defendants,

and

William E. **Brummett**, Defendant-Appellant.

No. 12765.

Supreme Court of Idaho.

March 5, 1979.

Gerald L. Weston, of Gigray, Miller, Downen & Weston, Caldwell, for appellant.

Charles R. Kroll, Deputy Pros. Atty. Gen. (argued as a Spec. Asst. Atty. Gen.), Weiser, for appellee.

James B. Donart, Ketchum, amicus curiae.

Before SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., and SCOGGIN, J. Pro Tem.

PER CURIAM:

This is an appeal from an injunction issued by the district court enjoining the appellant from further pumping of irrigation water from the Weiser River during the 1977 irrigation season. The respondent's claim before the district court was that appellant had used all of his storage water rights in Crane Creek Reservoir for the 1977 irrigation season and therefore had no further claim to water.

The issue before the district court was the proper interpretation of paragraph IV of the agreement executed by the various owners of storage water rights in Crane Creek Reservoir. The Crane Creek Reservoir Administration Board had interpreted paragraph IV of the agreement to prohibit the Class "B" stockholders from carrying over their unused storage from one year to the next in contravention of the rights of Class "A" stockholders. The district court affirmed the interpretation of paragraph IV of the agreement made by the Administration Board and concluded that in a year when the Crane Creek Reservoir did not fill to its capacity the Class "A" shareholders were entitled to all of their water rights before the Class "B" shareholders were entitled to any water.

We have examined paragraph IV of the agreement, which both parties assert governs the respective claims to water of the Class "A" and Class "B" stockholders in the reservoir, and conclude that the district court did not err in its interpretation of that provision.

Affirmed. Costs to respondent.